■ In the Matter of MARLAND JEFFRIES, Appellant, v ANTHONY SADOWSKI et al., Respondents.—In a proceeding to validate petitions designating the petitioner as a candidate in the Democratic Party primary election to be held on September 12, 1978, for the public office of State Assemblyman from the 53rd Assembly District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 21, 1978, which, *inter alia,* declared the petitions to be invalid. Judgment reversed, on the law and the facts, without costs or disbursements, petitioner's application granted and the Board of Elections is directed to place the name of the petitioner on the appropriate ballot. Our examination of the original designating petitions satisfies us that the alleged alterations, indicated in the referee's report, with regard to the election districts listed next to two signatures on Sheets 8 and 71, did not constitute improprieties (see *Matter of McShane v Coveney,* 37 NY2d 789, 791). The addition of these two signatures to the 498 signatures which Special Term found to be valid gives the petitioner the necessary 500 signatures to validate his petition. Mollen, P. J., Hopkins, Damiani, Shapiro and O'Connor, JJ., concur.

■ In the Matter of ANTHONY A. LA BELLA, SR., Appellant, v ANTHONY SADOWSKI et al., Constituting the Board of Elections of the City of New York, Respondents.—In a proceeding, *inter alia,* to validate petitions designating petitioner as a candidate in the Democratic Party primary election to be held on September 12, 1978 for the public office of Member of the Assembly for the 50th Assembly District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 18, 1978, which, after a hearing, *inter alia,* directed the Board of Elections to remove the petitioner's name from the appropriate ballot. Judgment affirmed, without costs or disbursements (see *Matter of Thompson v Hayduk,* 45 AD2d 941, affd 34 NY2d 980). Mollen, P. J., Hopkins, Damiani, Shapiro and O'Connor, JJ., concur.

■ In the Matter of ERNEST R. LENDLER, JR., et al., Respondents, v LEANORE WALLER, Appellant, and JOSEPH S. COSTA et al., Constituting the Committee to Fill Vacancies, et al., Respondents.—In a proceeding, *inter alia,* to invalidate petitions designating appellant Leanore Waller as a candidate in the Democratic Party primary election to be held on September 12, 1978 for the public office of State Senator from the 25th Senatorial District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 21, 1978, which, after a hearing, *inter alia,* granted the application. Judgment affirmed, without costs or disbursements. No opinion. Mollen, P. J., Hopkins, Damiani, Shapiro and O'Connor, JJ., concur.

■ In the Matter of ROBERT B. ROLAND et al., Appellants, v CHARLES V. TOEPFER et al., Respondents.—In a proceeding, *inter alia,* to invalidate petitions designating certain of the respondents as candidates in the Conservative Party primary election to be held on September 12, 1978, for the

party position of County Committeemen from the 95th and 96th Assembly Districts, the appeal is from a judgment of the Supreme Court, Rockland County, entered August 17, 1978, which, after a hearing, denied the application. Judgment reversed, without costs or disbursements, and proceeding remanded to Special Term for a hearing in accordance herewith. Upon the record, we find that Special Term's findings of fact as to the specific objections to the petitions were inadequate and provide an insufficient basis on which to render a determination. Specific findings of fact are necessary. In addition, it is not clear whether service was made in accordance with the provisions of the order to show cause. Upon further hearing, this question should also be fully explored. Mollen, P. J., Hopkins, Damiani, Shapiro and O'Connor, JJ., concur.